751 P.2d 673

**STATE of Idaho, Plaintiff–Respondent.**

v.

**Ray L. BEEBE, Defendant–Appellant.**

**No. 16952.**

Court of Appeals of Idaho.

March 2, 1988.

A. Dean Tranmer, of Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Following plea negotiations, Ray Beebe entered a plea of guilty to the charge of sexually abusing his four-year-old daughter. Beebe received the maximum sentence provided by statute, a fixed five-year term. On appeal, Beebe contends that his sentence is excessive. For reasons explained below, we affirm the judgment imposing the sentence.

The Bannock County Prosecutor initially charged Beebe with the offense of rape. Beebe pled not guilty. At the request of defense counsel, a psychological evaluation was ordered pursuant to I.C. § 18–211. Counsel also moved to suppress a statement made by Beebe to law enforcement officers at the time of his arrest. After a hearing, the district court held that the "defendant's statement was voluntary" and denied the motion. Thereafter, Beebe entered a negotiated plea of guilty to the lesser offense of sexually abusing a child, in violation of I.C. § 18–1506. The plea was made with an understanding that the state would recommend a five-year sentence but that Beebe would request a "120-day rider" under I.C. § 19–2601(4). A presentence investigation report, including the court-ordered psychological evaluation, was prepared. At the sentencing hearing, the district judge reviewed the information presented to him and concluded that Beebe was a risky candidate for probation because his prospects for rehabilitation appeared poor. The judge, citing a need to protect society, imposed a five-year fixed term of incarceration in the custody of the Board of Correction. He declined to retain jurisdiction under I.C. § 19–2601(4).

The five-year sentence was the maximum penalty authorized for a violation of I.C. § 18–1506. See I.C. § 18–112 (general felony sentencing statute). Because the crime was committed after the abolition of "formula good time" on July 1, 1986, we presume that the sentence will be served in its entirety. See State v. Amerson, 113 Idaho 183, 742 P.2d 438 (Ct.App.1987).

Absent an abuse of discretion, a sentence within the statutory maximum will not be disturbed. An abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. State v. Nice, 103 Idaho 89, 645 P.2d 323 (1982). The standard of reasonableness was explained in State v. Toohill, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where

reasonable minds might differ. An appellant must show that under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

We further held in *Toohill* that when a judge has sufficient information at the time of sentencing to deny probation, his refusal to retain jurisdiction for further evaluation is not an abuse of discretion.

 In this case, the presentence report discloses that Beebe sexually abused his daughter on numerous occasions. It also reveals a long history of antisocial behavior, including substance and alcohol abuse. The report indicates that Beebe has several prior misdemeanor convictions and a felony conviction for which he received probation. The prior offenses include a battery and a false bomb threat.

The presentence investigator concluded that Beebe consistently had failed to accept responsibility for his actions and that it was doubtful he would change his attitudes or behavior in a short period of psychotherapy. Therefore, the investigator determined that Beebe was a poor candidate for probation. These conclusions were buttressed by the evaluation tendered by the court-appointed psychologist. The examining psychologist concluded:

> The test results suggest unusual sexual interest and the likelihood to act out in deviant sexual ways. The subject consistently denies the allegations made against him. If, in fact, he is guilty of this offense and he persists in his denial, the prognosis for any successful treatment is extremely poor. In such instances, the likelihood of a repeat offense becomes very high and the individual would have to be considered a significant threat of repeating the offense.

Beebe now argues that his negotiated plea of guilty represented the end of his pattern of denial. However, he continued to deny certain incidents of prior sexual misconduct which had been admitted to the police and to the psychologist. He also argues that he is a danger to no one except his daughter. He invites attention to the fact that he has agreed to relinquish his parental rights to the girl, thus minimizing any risk of future harm to her. However, in our view, this does not wholly alleviate a prudent concern about possible future offenses against other victims.

Upon the record presented, we cannot conclude that the district judge erred in finding Beebe to be a continuing danger to society. A five-year fixed term is strict, but not unreasonable, in light of this finding. Accordingly, the judgment imposing the sentence is affirmed.