**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39632/39633/39634/39635**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 664** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: October 10, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JUSTIN SCOTT SAVAGE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction and concurrent unified sentences of twenty years with seven years determinate for sexual abuse of a child under the age of sixteen and lewd conduct with a minor under the age of sixteen, and five-year determinate sentences for two counts of injury to a jail, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

     In four cases consolidated on appeal, Justin Scott Savage was convicted of one count of sexual abuse of a child under the age of sixteen, Idaho Code § 18-1506; two counts of injury to a jail, I.C. § 18-7018; and one count of lewd conduct with a minor under the age of sixteen, I.C. § 18-1508. The district court sentenced Savage to concurrent unified sentences of twenty years with seven years determinate for the sexual abuse and lewd conduct charges, and five years determinate for each of the injury to jail charges. Savage appeals, contending that his sentences are excessive and that the district court abused its discretion in declining to retain jurisdiction.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction in this case.

Therefore, Savage's judgment of conviction and sentences are affirmed.