**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41197**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 467** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 22, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHANNON RAY BRANDT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment of conviction and unified sentence of four years, with a minimum period of confinement of two years, for possession of methamphetamine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Shannon Ray Brandt was convicted of possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court sentenced Brandt to a unified term of four years, with a minimum period of confinement of two years to run concurrently with two previous sentences. Brandt filed Idaho Criminal Rule 35 motions for reduction of his sentences. The district court reduced the sentences in the previous cases to concurrent unified terms of four years with two years determinate but declined to grant retained jurisdiction. Brandt appeals, contending that the district court abused its discretion in failing to retain jurisdiction.

1

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction in this case.

Therefore, Brandt's judgment of conviction and sentence are affirmed.