**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41175/41176**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 487** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 30, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RYAN MICHAEL REYNOLDS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgments of conviction and concurrent, unified sentences of seven years with minimum periods of confinement of two years for grand theft and burglary, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this consolidated appeal, Ryan Michael Reynolds was convicted of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), 18-2409; and burglary, I.C. § 18-1401. The district court sentenced Reynolds to concurrent, unified terms of seven years with minimum periods of confinement of two years and retained jurisdiction. The district court subsequently relinquished jurisdiction and ordered execution of Reynolds' sentences. Reynolds filed Idaho Criminal Rule 35 motions for reduction of his sentences which the district court denied. Reynolds appeals contending that his sentences are excessive and that the district court abused its discretion in relinquishing jurisdiction.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction in this case.

Therefore, Reynolds' judgments of conviction and sentences, and the district court's orders relinquishing jurisdiction are affirmed.