**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41800**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 774** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: October 17, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JUAN ROLANDO VASQUEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment of conviction and unified sentence of nine years, with a minimum period of confinement of two years, for felony domestic violence in the presence of children, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Juan Rolando Vasquez was convicted of felony domestic violence in the presence of children, Idaho Code § 18-903(b), 18-918(4). The district court imposed a unified term of nine years with a minimum period of confinement of two years, suspended the sentence, and placed Vasquez on probation. Subsequently, Vasquez admitted to violating several terms of his probation. The district court revoked probation and ordered execution of the underlying sentence. Vasquez appeals, contending that the district court erred in failing to retain jurisdiction upon revoking his probation.

1

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction in this case.

Therefore, Vasquez's judgment of conviction and sentence are affirmed.