# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42096

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 855** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 12, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHAWN THERON PETERSON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of ten years, for sexual abuse of a child under sixteen years of age, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Shawn Theron Peterson pled guilty to sexual abuse of a child under sixteen years of age. Idaho Code § 18-1506(1)(b). The district court sentenced Peterson to a unified term of twenty-five years with ten years determinate. Peterson appeals asserting that the district court abused its discretion by failing to retain jurisdiction or place him on probation and by imposing an excessive sentence. He also claims the district court unduly restricted its sentencing discretion due to the nature of the crime.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for

1

probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction in this case.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Contrary to Peterson's argument, the district court properly considered the nature of the crime as required by I.C. § 19-2521(1). The district court did not unduly restrict its sentencing discretion.

Therefore, Peterson's judgment of conviction and sentence are affirmed.