**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42262**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 446 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TIFFANY TIMBRA NEEL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum term of confinement of three years, for possession of methamphetamine, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

———————————————————

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

———————————————————

PER CURIAM

Tiffany Timbra Neel pled guilty to possession of methamphetamine, Idaho Code §§ 37-2732(c)(1), 37-2707(d). In exchange for her guilty plea, an additional charge that she was a persistent violator was dismissed. The district court imposed a unified sentence of seven years with three years determinate, suspended the sentence, and placed Neel on supervised probation for four years with the requirement that she successfully complete the Drug Court program. A motion to revoke probation was filed after Neel violated several terms of probation including being expelled from Drug Court. Neel was incarcerated pending the disposition of the probation violations; however, the district court granted Neel's motion for medical furlough related to her

1

pregnancy. A few weeks later, Neel again violated probation. The district court revoked probation and ordered execution of Neel's underlying sentence. Neel appeals, contending that the district court erred in failing to retain jurisdiction upon revoking probation.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction in this case.

Therefore, Neel's judgment of conviction and sentence are affirmed.