# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43267

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 312 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 7, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTHONEY FRANCISCO MARTINEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order revoking probation, <u>affirmed</u>; judgment of conviction and sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

Anthoney Francisco Martinez entered an *Alford*[1] plea to leaving the scene of an injury accident, Idaho Code § 18-8007, and misdemeanor driving under the influence of alcohol, I.C. § 18-8004.[2] In exchange for his plea, an additional charge was dismissed. The district court imposed a unified sentence of five years with three years determinate for leaving the scene of an injury accident, suspended the sentence, and placed Martinez on probation with the condition

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] The district court sentenced Martinez to 180 days in jail for misdemeanor driving under the influence with 40 days suspended and 140 days' credit for time served.

1

that he successfully complete drug court. Martinez subsequently violated his probation and the district court revoked probation and ordered execution of the underlying sentence without reduction. Martinez appeals, contending that the district court erred in failing to retain jurisdiction or reduce his sentence.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction in this case.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order of the district court revoking probation and Martinez's judgment of conviction and sentence are affirmed.