**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42987**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 338** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 21, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMIE RAE TAYLOR,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Lincoln County. Hon. John K. Butler, District Judge.

Order revoking probation and ordering execution of sentence, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Jamie Rae Taylor pled guilty to conspiracy to commit burglary, Idaho Code §§ 18-1701, 18-1401. The district court imposed a unified sentence of ten years, with a minimum period of confinement of six years, but after a period of retained jurisdiction, suspended the sentence and placed Taylor on supervised probation for seven years. Subsequently, Taylor admitted to violating her probation, and the district court consequently revoked probation and ordered execution of the original sentence. Taylor appeals, contending that the district court abused its discretion in failing to retain jurisdiction a second time.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for

1

probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction a second time.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Taylor's sentence. Therefore, the order revoking probation and directing execution of Taylor's previously suspended sentence is affirmed.