**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43242**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 436** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 17, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSEPH DEE FISHER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction and concurrent unified sentences of thirty-one years, with six years determinate, for one count of lewd conduct with a child under sixteen; and twenty-five years with six years determinate for one count of sexual abuse of a child under sixteen, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Joseph Dee Fisher pled guilty to one count of lewd conduct with a child under sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506(1)(b). The district court sentenced Fisher to concurrent unified sentences of thirty-one years with six years determinate, and twenty-five years with six years determinate, respectively. Fisher appeals asserting that the district court abused its discretion at sentencing by failing to retain jurisdiction.

1

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Therefore, Fisher's judgment of conviction and sentences are affirmed.