# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45251

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 397 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  March 22, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| ZACHARY ADDISON NAVRATIL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Renae J. Hoff, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for burglary, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Zachary Addison Navratil pled guilty to burglary, Idaho Code § 18-1401.  The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years, but after a period of retained jurisdiction, suspended the sentence and placed Navratil on probation.  Subsequently, Navratil admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence.  Navratil appeals, contending that the district court abused its discretion in declining to retain jurisdiction a second time.

1

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction a second time in this case.

Therefore, Navratil's judgment of conviction and sentence are affirmed.