**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51130/51131**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 19, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CHYANN REVAE CATES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Orders revoking probation and ordering execution of sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In these consolidated cases, Chyann Revae Cates pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1) and misdemeanor driving under the influence, I.C. §§ 18-8004(1)(a), 18-8005(4) (Docket No. 51130). In exchange for her guilty plea, additional charges were dismissed. Cates was released on bond and later failed to appear for the pretrial conference. Cates was later arrested and pled guilty to felony possession of marijuana, delivery of marijuana, and misdemeanor injury to a child, I.C. §§ 37-2732(e), 37-2701(t), 37-2732(a)(1)(B), 18-1502(2) (Docket No. 51131). In exchange for her guilty plea, additional charges were dismissed. The district court imposed concurrent sentences of five years with two years determinate for each of the three felony convictions, ninety days for the driving under the influence conviction, six months

1

for the injury to a child conviction, and suspended the sentences placing Cates on probation for a period of five years. Subsequently, Cates admitted to violating the terms of the probation several times. The district court continued Cates on probation and ordered her to complete the Bonneville County Wood Court Program. Later, Cates was terminated from the Wood Court for leaving the state and for her dishonesty. Cates' request for retained jurisdiction was denied by the district court. The district court consequently revoked Cates' probation and ordered execution of the previously imposed, concurrent sentences of five years with two years determinate, with credit for time served. Cates filed an Idaho Criminal Rule 35 motion which was denied by the district court.[1] Cates appeals, contending that the district court abused its discretion when it revoked her probation and ordered execution of the underlying sentences rather than retaining jurisdiction.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Therefore, the orders revoking probation and directing execution of Cates' previously suspended sentences are affirmed.

---

[1] The denial of the Idaho Criminal Rule 35 motion is not at issue on appeal.

2