**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51385/51386**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 20, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANDREW DAVID NELSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction and unified sentence of five years with a minimum period of confinement of two years for unlawful possession of a firearm, <u>affirmed</u>; judgment of conviction and concurrent, unified sentence of twelve years with a minimum period of confinement of three years for possession of a controlled substance and unlawful possession of a firearm, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 51385, Andrew David Nelson pled guilty to unlawful possession of a firearm, Idaho Code § 18-3316. In exchange for his guilty plea, additional charges were dismissed including an allegation that he was a persistent violator. The district court imposed a unified term of five years with two years determinate, suspended the sentence, and placed Nelson on probation for a period of five years. In Docket No. 51386, Nelson pled guilty to possession of a controlled substance and unlawful possession of a firearm, I.C. §§ 37-2732(c), 18-3316. The district court

1

imposed an aggregate term of twelve years with three years determinate to run concurrently with his sentence in Docket No. 51385. The district court also revoked Nelson's probation in Docket No. 51385. Nelson asserts that the district court abused its discretion by failing to retain jurisdiction.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Nelson's judgments of conviction and sentences are affirmed.