**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51439/51440**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 13, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL ALAN SKIDMORE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Judgment of conviction and unified sentence of ten years with a minimum period of confinement of six years for burglary, affirmed; judgment of conviction and consecutive, unified sentence of five years with one year determinate for influencing a witness, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 51439, Michael Alan Skidmore pled guilty to one count of burglary, Idaho Code § 18-1401. In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified term of ten years with six years determinate, suspended the sentence, and placed Skidmore on probation for a period of four years. Subsequently, Skidmore admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence.

1

In Docket No. 51440, Skidmore pled guilty to influencing a witness, I.C. § 18-2604(3). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified term of five years with one year determinate, to be served consecutively to the sentence in Docket No. 51439. Skidmore appeals, contending that the district court abused its discretion when it ordered Skidmore's sentences to be served consecutively and by failing to retain jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709.

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Skidmore's judgments of conviction and sentences are affirmed.