**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52661**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      **Plaintiff-Respondent,**<br><br>v.<br><br>**DAGON WESTLEY WILLIAMS,**<br><br>      **Defendant-Appellant.** | **Filed: May 13, 2026**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for burglary, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Dagon Westley Williams was found guilty of burglary and petit theft, Idaho Code §§ 18-1401, 18-2403(1), 18-2407(2), 18-2409. Williams admitted to being a persistent violator, I.C. § 19-2514. At the sentencing hearing, Williams requested a retained jurisdiction with an underlying sentence of five years with two years determinate. The district court imposed a unified sentence of five years, with a minimum period of incarceration of two years, for burglary and credit for time served for petit theft. Williams appeals, contending that the district court abused its discretion when it imposed his sentence without retaining jurisdiction.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for

1

probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Williams' judgment of conviction and sentence are affirmed.