687 P.2d 583

The STATE of Idaho,
Plaintiff-Respondent,

v.

Ronald Paul CHAPEL,
Defendant-Appellant.

No. 15304.

Court of Appeals of Idaho.

Aug. 30, 1984.

Jill Kirshner, Ada County Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Ronald Paul Chapel was charged with one count of first degree burglary and one count of grand theft. Pursuant to a plea bargain agreement, Chapel pled guilty to the burglary charge and the state dismissed the grand theft charge. Also pursuant to the agreement, the state recommended the court retain jurisdiction for 120 days, as authorized by I.C. § 19–2601(4). However, the district court sentenced Chapel to the custody of the Board of Corrections for an indeterminate term not to exceed three years, without retaining jurisdiction. Chapel has appealed. The sole issue he presents is whether the district court abused its discretion by imposing the indeterminate three-year sentence rather than retaining jurisdiction for 120 days as recommended by the state. We affirm the sentence.

Chapel's issue has two parts. We will discuss first the court's refusal to retain jurisdiction. Second, we consider whether the three-year term was excessive.

I

The purpose of the retained jurisdiction statute, I.C. § 19–2601(4), is to allow the trial court additional time to evaluate the defendant's rehabilitation potential and suitability for probation. Probation is the ultimate objective sought by a defend-ant who asks a court to retain jurisdiction. *State v. Toohill,* 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct.App.1982). The choice of probation is committed to the sound discretion of the trial court. *Id.* The standard of review of sentencing decisions, including those where probation is an issue, is the "clear abuse of discretion" standard. The "clear abuse" standard should focus on the criteria set forth in I.C. § 19–2521. Refusal to retain jurisdiction will not be deemed a "clear abuse of discretion" if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under I.C. § 19–2521. *Id.*

The presentence investigation revealed Chapel had prior convictions in the state of Washington. He was on probation for a felony charge of burglary and a controlled substance violation. There was an outstanding bench warrant against him for probation violation at the time of the present burglary. The district judge noted Chapel had been given several opportunities in Washington to get his problems under control, yet those opportunities were not successful. Further, the court found that in proceedings before the court prior to his sentencing, Chapel had lied to the court about having ever lived in Washington or having been convicted of a felony in that state, attempting to conceal from the court his prior criminal record. The district judge noted that Chapel's lack of truthfulness indicated the difficulties that the court would encounter in putting him on probation. Under these circumstances, we hold the district court did not abuse its discretion in refusing to retain jurisdiction over Chapel.

Chapel also contends that the trial court abused its discretion when it failed to follow the state's recommendation to retain jurisdiction under I.C. § 19–2601(4). We previously have held that a trial court is not bound by a sentence recommendation made by the state because such a recommendation is purely advisory. *State v. Rossi,* 105 Idaho 681, 682, 672 P.2d 249, 250 (Ct.App.1983). We hold the district judge

did not commit error in failing to follow the state's recommendation for retained jurisdiction.

## II

We turn then to whether the three-year sentence was reasonable. Here the sentence imposed was within the statutory maximum of fifteen years prescribed for the crime of first degree burglary. I.C. § 18–1403. Therefore, Chapel must prove the district court abused its discretion in imposing this sentence. *State v. Dillon,* 100 Idaho 723, 604 P.2d 737 (1979). A sentence may represent a "clear abuse of discretion" if it is shown to be unreasonable upon the facts of the case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). A period of confinement is reasonable to the extent it is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *Id.* at 568, 650 P.2d at 710. Absent a contrary statute or indication on the record we presume that Chapel's actual term of confinement will be one-third of his three-year sentence. *Id.* Thus, the question is whether confinement for at least one year is reasonable.

When weighing the facts of a given case, we focus upon the nature of the offense and the character of the offender. *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Burglary is a serious crime against a person's property. In this case, Chapel knew the occupants of the home were on vacation. He entered the home after breaking a window with a rock. He proceeded to take items amounting to over $600 in value, hoping to sell them in the future. Because of the seriousness of the offense and Chapel's prior convictions, an indeterminate sentence of three years is not unreasonable nor an abuse of discretion. The sentence is affirmed.