IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37686

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 386 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 11, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BARRY WILLIAM BAKER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction and unified sentence of three years, with a minimum period of confinement of one and one-half years, for issuing a check without funds, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

PER CURIAM

Barry William Baker pled guilty to issuing a check without funds. Idaho Code §§ 18-3106(a), 18-204. The district court sentenced Baker to a unified term of three years, with a minimum period of confinement of one and one-half years to be served concurrently with an underlying sentence in a case for which Baker was on probation. Baker filed an Idaho Criminal Rule 35 motion, which the district court denied. Baker appeals asserting that the district court abused its discretion by failing to retain jurisdiction and by denying his ICR 35 motion.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for

1

probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990); *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Baker's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Baker's judgment of conviction and sentence, and the district court's order denying Baker's Rule 35 motion, are affirmed.