**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43208**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 545 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 23, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFREY SCOTT NALLY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson and Cynthia K.C. Meyer, District Judges.

Order relinquishing jurisdiction and order denying Idaho Criminal Rule 35, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Jeffrey Scott Nally pleaded guilty to burglary, Idaho Code § 18-1401. The district court imposed a unified ten-year sentence, with five years determinate, retained jurisdiction and Nally was sent to participate in the rider program.

Three months after beginning his retained jurisdiction program and only two days into the actual programming, the Idaho Department of Correction recommended the district court relinquish jurisdiction over Nally based on Nally's behavior. Nally's behavioral issues consisted of 1) making racial slurs and obscene gestures at an orientation meeting and 2) vandalizing his cell by removing two screws from the fire alarm cover, putting holes in the walls, and

1

obstructing the ceiling vents. For each of these issues, Nally received a Disciplinary Offense Report (DOR). Nally contested the DORs (he admitted some, but not all, of the facts in the first DOR) and such appeal was pending at the time of the jurisdictional review hearing, although Nally contended the deputy warden had overturned the DORs and Nally believed the DORs would ultimately be dismissed. IDOC staff documented a third incident in which staff believed Nally was trying to manipulate the staff with false medical issues. After a hearing in which conflicting evidence was presented regarding the DORs, the district court relinquished jurisdiction and imposed a reduced, unified eight-year sentence, with three years determinate. Nally filed an Idaho Criminal Rule 35 motion, which the district court denied. Nally appeals, claiming the district court erred by refusing to continue to retain jurisdiction instead of relinquishing jurisdiction and by denying his I.C.R. 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). Moreover, a court's decision to relinquish jurisdiction will not be deemed an abuse if the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate pursuant to I.C. § 19-2521. *State v. Chapel*, 107 Idaho 193, 194, 687 P.2d 583, 584 (Ct. App. 1984).

The record in this case shows the district court properly considered the information before it and determined probation was not appropriate. We hold that Nally has failed to show that the district court abused its discretion in relinquishing jurisdiction. Nally, through his attorney, specifically stated there were no corrections or additions to the Addendum to the Presentence Investigation Report (PSI), thereby admitting the truth of the contents and agreeing with the representations of IDOC staff. Although Nally also offered the statements of other inmates contesting the information, and denying it himself, the district court was in the best position to determine Nally's and the others' credibility. And, while the DORs were ultimately dismissed, there may be several reasons for the dismissal--it may be because Nally was found not guilty of the violations or it may be that because jurisdiction was relinquished, it was not worth the effort of pursuing the DORs since Nally was no longer being evaluated for suitability for probation. At the time of the jurisdictional review hearing, the district court found that probation

2

was not appropriate in Nally's case; the record does not indicate that the district court abused its discretion in this case.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Nally's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

The district court's order relinquishing jurisdiction and order denying Nally's I.C.R. 35 motion are affirmed.