**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44873**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 580** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: September 11, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **CHARLES WILLIAM LUPER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

————————————————————————

PER CURIAM

Charles William Luper pled guilty to domestic violence in the presence of children, Idaho Code §§ 18-903, 18-918(2), 18-918(4). The district court imposed a unified sentence of ten years, with a minimum period of confinement of two years, but after a period of retained jurisdiction, suspended the sentence and placed Luper on probation. Subsequently, Luper admitting to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Luper filed an oral Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Luper appeals,

1

contending that the district court abused its discretion in declining to retain jurisdiction a second time upon revoking probation and in denying his I.C.R. 35 motion for reduction of sentence.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction a second time in this case.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Luper's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Luper's Rule 35 motion is affirmed.