**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44812/44813/44814**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 649** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 21, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **RAMON S. GARCIA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgments of conviction and concurrent unified sentences of seven years, with three years determinate, for felony driving under the influence; five years, with one year determinate, for stalking; and seven years, with three years determinate, for felony driving under the influence, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge
_____

PER CURIAM

These cases are consolidated on appeal. In 2010, Ramon S. Garcia pled guilty to felony driving under the influence of alcohol and/or drugs, Idaho Code §§ 18-8004, 18-8005(5). The district court imposed a unified sentence of seven years, with three years determinate, and retained jurisdiction. Upon completion of the retained jurisdiction period, Garcia was placed on probation. In 2013, Garcia pled guilty to stalking, I.C. §§ 18-7905(f) and 18-7906. The district court revoked probation in the 2010 case, imposed a consecutive unified sentence of five years,

1

with one year determinate, in the stalking case and retained jurisdiction in both cases. Garcia successfully completed retained jurisdiction and was placed on probation. In 2015, Garcia pled guilty to felony driving under the influence of alcohol and/or drugs, I.C. §§ 18-8004, 18-8005(9), and admitted to violating his probation in the 2010 and 2013 cases. In exchange for his guilty plea, an additional charge was dismissed. The district court revoked probation and ordered execution of the sentences in the 2010 and 2013 cases, modifying the sentences to run concurrently rather than consecutively. In the 2015 case, the district court imposed a concurrent unified sentence of seven years, with three years determinate.

Garcia filed an Idaho Criminal Rule 35 motion for reduction of the sentence in his 2015 case, which the district court denied. Garcia appeals, contending the district court abused its discretion in declining to place him on probation or retain jurisdiction in all three cases and in denying his Rule 35 motion for reduction of sentence in the 2015 case.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction in this case.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Garcia's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, Garcia's judgments of conviction and sentences, and the district court's order denying Garcia's Rule 35 motion, are affirmed.

2