**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45685/45686/45687**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 8, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TANNER DEAN FLOWERDEW, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgments of conviction and concurrent unified sentences of five years determinate for possession of a stolen vehicle; ten years, with five years determinate for burglary; five years determinate for escape; and five years determinate for injuring jails, <u>affirmed</u>; orders denying Idaho Criminal Rule 35 motions for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

In cases consolidated on appeal, Tanner Dean Flowerdew pled guilty to possession of a stolen vehicle, Idaho Code § 49-228 (Docket No. 45685); burglary, I.C. § 18-1401 (Docket No. 45686); and escape, I.C. § 18-2505, and injuring jails, I.C. § 18-7018 (Docket No. 45687). In exchange for his guilty pleas, additional charges were dismissed. The district court imposed a five-year determinate term for possession of a stolen vehicle; a unified sentence of ten years, with five years determinate, for burglary; and concurrent five-year determinate terms for escape

1

and injuring jails, to run consecutively with the sentences in the other two cases. Flowerdew filed Idaho Criminal Rule 35 motions in all three cases, which the district court granted, ordering all of the sentences to run concurrently with each other. Flowerdew appeals, asserting that the district court abused its discretion by imposing excessive sentences, declining to retain jurisdiction, and failing to further reduce the determinate portions of his sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See Hernandez*, 121 Idaho 114, 822 P.2d 1011; *Toohill*, 103 Idaho 565, 650 P.2d 707. When reviewing the length of a sentence, we consider the defendant's entire sentence. *Oliver*, 144 Idaho at 726, 170 P.3d at 391. Since the district court later modified Flowerdew's sentences, pursuant to his Rule 35 motions,

2

we will only review Flowerdew's modified sentences for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992).

Flowerdew has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentences on Flowerdew's Rule 35 motions. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Flowerdew has failed to show such an abuse of discretion. Therefore, Flowerdew's judgments of conviction and sentences, and the district court's orders granting Flowerdew's Rule 35 motions, are affirmed.