# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50968

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

CHADWICK WILLIAM RIVERS,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 24, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L. Gabiola, District Judge.

Judgment of conviction and unified sentence of twenty-four years with a minimum period of confinement of ten years for sexual abuse of a child under the age of sixteen years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Chadwick William Rivers pled guilty to sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506(1)(b). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified term of twenty-four years with ten years determinate. Rivers appeals, contending that his sentence is excessive, and the district court abused its discretion by declining to retain jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction.  *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982).  There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation.  *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709.  Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Rivers' judgment of conviction and sentence are affirmed.