**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51846**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 1, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RODNEY CHRISTOPHER BRADLEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Scott Wayman, District Judge.

Judgment of conviction and concurrent, unified sentences of twenty-five years with a minimum period of confinement of ten years for two counts of aggravated driving while under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Rodney Christopher Bradley was found guilty of two counts of aggravated driving while under the influence, Idaho Code § 18-8006, and admitted to being a persistent violator, I.C. § 19-2514.  The district court imposed concurrent, unified terms of twenty-five years with ten years determinate.  Bradley appeals, contending that the district court abused its discretion by imposing excessive sentences and by failing to retain jurisdiction.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct. App. 1984); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in sentencing or by declining to retain jurisdiction. Therefore, Bradley's judgment of conviction and sentences are affirmed.