IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 45854/45855

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 19, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JASON RAY SCHAEFFER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing Haynes, District Judge.

Judgments of conviction and unified sentence of ten years with two years determinate for felony driving under the influence of alcohol and concurrent unified sentence of ten years with three years determinate for felony driving under the influence of alcohol and three-year driver's license suspension, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

These cases were consolidated on appeal. In Docket No. 45854, Jason Ray Schaeffer pled guilty to felony operating a motor vehicle while under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(6). In exchange for his guilty plea, an additional charge that he was a persistent violator was dismissed. The district court imposed a unified sentence of ten years with two years determinate, suspended the sentence, and placed Schaeffer on supervised probation. Schaeffer subsequently violated his probation by incurring another charge of felony operating a

1

motor vehicle while under the influence of alcohol in Docket No. 45855. Schaeffer pleaded guilty and the district court revoked probation in Docket No. 45854 and ordered execution of the underlying sentence. In Docket No. 45855, the district court imposed a unified sentence of ten years with three years determinate to run concurrently with the sentence in Docket No. 45854. The district court also imposed a three-year driver's license suspension. Schaeffer filed Idaho Criminal Rule 35 motions in each case, which the district court denied. Schaeffer appeals, contending the district court abused its discretion by refusing to retain jurisdiction in both cases and by imposing a three-year license suspension in Docket No. 45855. He also asserts the district court abused its discretion in denying his Rule 35 motion in Docket No. 45855.

The primary purpose of the retained jurisdiction program is to enable the trial court to obtain additional information regarding the defendant's rehabilitative potential and suitability for probation, and probation is the ultimate objective of a defendant who is on retained jurisdiction. *State v. Chapel*, 107 Idaho 193, 197, 687 P.2d 583, 584 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). There can be no abuse of discretion in a trial court's refusal to retain jurisdiction if the court already has sufficient information upon which to conclude that the defendant is not a suitable candidate for probation. *State v. Beebe*, 113 Idaho 977, 979, 751 P.2d 673, 675 (Ct. App. 1988); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. In this case, the district court had sufficient information to conclude Schaeffer is not a suitable candidate for probation. Based upon the information that was before the district court at the time of sentencing, we hold that the district court did not abuse its discretion when it declined to retain jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). A sentence within the statutory limits will ordinarily not be considered an abuse of discretion. *State v. McIntosh*, 160 Idaho 1, 8, 368 P.3d 621, 628 (2016). Under I.C. § 18-8005(6)(d), sentencing requires a mandatory minimum driver's license suspension of one year, and the district court has discretion to suspend a defendant's driving privileges up to an additional four years. Applying

these standards, and having reviewed the record, we cannot say the district court abused its discretion.

Next, we review whether the district court erred in denying Schaeffer's Rule 35 motion in Docket No. 45855. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Schaeffer's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Schaeffer's judgments of conviction and sentences, and the district court's order denying Schaeffer's Rule 35 motion, are affirmed.